IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) Danger Geist, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 23-cv-00028-GKF-SH |
| 1) The Center for Housing Solutions, Inc., | § § § | Collective Action |
| Defendant. | § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Plaintiff Danger Geist ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against The Center for Housing Solutions, Inc. ("Defendant"), showing in support as follows:

**I.     <u>NATURE OF THE CASE</u>**

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over forty during each seven-day workweek in addition to Defendant's violations of the FLSA's anti-retaliation provision.

2. Plaintiff asserts the unpaid overtime wage claims in this lawsuit individually and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant.

3. Plaintiff asserts FLSA retaliation claims against Defendant in this lawsuit on an individual basis.

## II.     THE PARTIES, JURISDICTION, AND VENUE

**A.     Plaintiff Danger Geist**

4. Plaintiff was an employee of Defendant's from approximately January 19, 2021 to approximately June 7, 2021.

5. Plaintiff was employed by Defendant in Tulsa, Oklahoma.

6. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.     Collective Action Members**

7. The putative collective action members are all current and/or former outreach specialist employees of Defendant who were generally paid a set amount of pay twice per month and were not paid time and one-half their respective regular rates of pay for all hours worked over forty during each seven-day workweek. Because Defendant did not pay all overtime premium compensation owed to its outreach specialist employees who routinely worked in excess of forty hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

8. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**C.     Defendant The Center for Housing Solutions, Inc.**

9. During times relevant to this lawsuit, Defendant has done business in the State of Oklahoma.

10. At times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

11. At times relevant to this lawsuit, Defendant is and has been an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who resided on the premises of such institution. That institution was located at 10918 East 41st Street, Tulsa, Oklahoma, 74146 (the "Institution").

12. At times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13. Defendant's principal place of business is in Tulsa, Oklahoma.

14. Defendant's principal place of business is located at 2915 East 15th Street, Suite 2504, Tulsa, Oklahoma 74120.

15. Defendant may be served with summons by serving its registered agent, Becky Gligo, 2915 East 15th Street, Suite 203, Tulsa, Oklahoma, 74104.

**D.** **Jurisdiction and Venue**

16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18. During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma and continues to do business in the State of Oklahoma.

19. Defendant's principal place of business is located in Tulsa, Oklahoma.

20. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

### III. FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Plaintiff was employed by Defendant from January 19, 2021 to approximately June 7, 2021.

23. Plaintiff was employed by Defendant as an outreach specialist.

24. In connection with Plaintiff's work as an outreach specialist, Defendant provided care of the sick, the aged, the mentally ill, or defective who resided at its Institution.

25. Defendant employed other outreach specialists to facilitate its operations at the Institution.

26. Defendant generally paid Plaintiff a set amount of pay twice per month.

27. Plaintiff regularly worked more than forty hours per seven-day workweek performing outreach specialist work for Defendant but was not paid time and one-half his regular rate of pay for those overtime hours worked.

28. On approximately May 27, 2021, Plaintiff told his manager, Mr. Tyler Parette, that Defendant was opening itself to legal action if it did not pay overtime compensation to Plaintiff and other outreach specialists who worked more than forty hours in a workweek.

29. On June 7, 2021, Defendant terminated Plaintiff's employment.

30. Defendant's termination of Plaintiff's employment was in retaliation for Plaintiff engaging in protected activity under the FLSA – complaining of unpaid overtime wages.

31. Defendant employed numerous other outreach specialists in the operation of the Institution.

32. Like Plaintiff, those other outreach specialist employees were generally paid a set amount of pay twice per month.

33. Like Plaintiff, those other outreach specialist employees regularly worked more than forty hours per seven-day workweek for Defendant but were not paid time and one-half their respective regular rates of pay for those overtime hours worked.

34. Defendant did not make or keep an accurate record of the FLSA daily and/or weekly hours worked by Plaintiff.

35. Defendant did not make or keep an accurate record of the FLSA daily and/or weekly hours worked by the putative collective action members.

### IV. CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

39. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits

without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

40. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

41. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

42. Failing to pay the required overtime premium for hours worked over forty in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

43. It is "unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

## V. FLSA CLAIMS

44. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

45. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

46. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(B).

47. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

48. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

49. Plaintiff and the putative collective action members regularly worked in excess of forty hours per seven-day workweek as employees of Defendant.

50. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over forty in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

51. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over forty in each and every seven-day workweek during the time period relevant to this lawsuit.

52. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

53. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime

hours for which they were not paid all FLSA overtime wage compensation owed. Defendant also failed to keep an accurate record of the daily and weekly hours worked by Plaintiff and the putative collective action members which is evidence of a willful violation of the FLSA. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) ("Although the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime."); *Pye v. Oil States Energy Servs.*, LLC, 233 F. Supp. 3d 541, 565 (W.D. Tex. 2017) (same); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 U.S. Dist. LEXIS 85722, at *13 (E.D. La. June 23, 2014) (same).

54. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

55. Plaintiff alleges that his employment was terminated by Defendant in violation of the FLSA's anti-retaliation provision. 29 U.S.C. § 215(a)(3). Plaintiff, on an individual basis, seeks all damages available for Defendant's violation of the FLSA's anti-retaliation provision.

## VI.     FLSA COLLECTIVE ACTION

56. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *Goodly v. Check-6, Inc.*, No. 16-CV-334-GKF-JFJ, 2018 U.S. Dist. LEXIS 187181, at *3 (N.D. Okla. Nov. 1, 2018).

57. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former outreach specialist employees of Defendant who (a) were generally paid a set amount of pay twice per month and (b) were not paid time and one-half their respective regular rates of pay for all hours worked over forty during each seven-day workweek in

the relevant time period. Because Defendant did not pay all overtime premium compensation owed to its outreach specialist employees who routinely worked in excess of forty hours per seven-day workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

58.   Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   DAMAGES AND PRAYER

59.   Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,
   b. All damages allowed for Defendant's violations of the FLSA's overtime pay requirements,
   c. All damages allowed for Defendant's violations of the FLSA's anti-retaliation provision,
   d. Liquidated damages,
   e. Reasonable legal fees,
   f. Costs,
   g. Post-judgment interest, and/or
   h. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: January 19, 2023.

Respectfully submitted,

By:    <u>s/ Allen R. Vaught</u>
      Allen R. Vaught
      Attorney-In-Charge
      Bar Membership ID MS 101695
      avaught@txlaborlaw.com
      Vaught Firm, LLC
      1910 Pacific Ave., Suite 9150
      Dallas, Texas 75201
      (972) 707-7816 – Telephone
      (972) 591-4564 – Facsimile

ATTORNEY FOR PLAINTIFF